99th Ave. Holdings, LLC v TSI Hell's Kitchen, LLC (2022 NY Slip Op 06737)

99th Ave. Holdings, LLC v TSI Hell's Kitchen, LLC

2022 NY Slip Op 06737

Decided on November 29, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 29, 2022

Before: Acosta, P.J., Kern, Singh, Scarpulla, Pitt, JJ. 

Index No. 655667/20 Appeal No. 16751-16752-16752A Case No. 2021-03005, 2022-00001, 2022-00245 

[*1]99th Avenue Holdings, LLC, Plaintiff-Respondent,
v
TSI Hell's Kitchen, LLC, Defendant-Appellant, New York Communications Center Associates, LP, et al., Defendants.

Akerman LLP, New York (Robert Chester of counsel), for appellant.
Thomas D. Shanahan, P.C., New York (Thomas D. Shanahan of counsel), for respondent.

Judgment, Supreme Court, New York County (Arthur F. Engoron, J.), entered August 11, 2021, in favor of plaintiff and against defendant TSI Hell's Kitchen, LLC in the amount of $252,264.38, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered July 22, 2021, which granted plaintiff's motion for summary judgment and denied TSI's motion for summary judgment, unanimously dismissed, without costs, as subsumed in the appeal from the judgment. Order, same court and Justice, entered on or about December 20, 2021, which, to the extent appealed from, granted defendant's motion to reargue and, upon reargument, adhered to its prior determination, unanimously affirmed, without costs.
The assignment of lease from plaintiff to TSI and their asset purchase agreement (APA) contained obligations that both plaintiff and TSI were required to fulfill. Plaintiff was required to procure a temporary certificate of occupancy (TCO) and secure it with a deposit to the landlord in the amount of $250,000. TSI was required to maintain the tenancy in good standing by, among other things, paying rent until the TCO was procured.
The court correctly decided the parties' motions for summary judgment. It is undisputed that TSI failed to pay rent for several months in 2020, resulting in arrears of more than $1 million by the time plaintiff procured the TCO. Because TSI allowed the arrears to accrue, which resulted in the landlord withholding the TCO deposit, TSI breached the agreements and plaintiff was damaged in an amount of $250,000. Contrary to TSI's position, the APA's own language in sections 1.2 and 8.2, reinforced by paragraph 5 of the assignment agreement, required TSI to keep the tenancy in good standing, even after closing.
We have considered TSI's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 29, 2022